**Kaufman
Lieb
Lebowitz &
Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

March 25, 2024

**VIA CM/ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Birch v. New Milford*, No. 23-1153

Dear Ms. O'Hagan Wolfe:

On behalf of Plaintiffs-Appellees, we write pursuant to Federal Rule of Appellate Procedure 28(j) to apprise the Court of recent authority that controls the outcome of this appeal.

In *Jok v. City of Burlington*, --- F.4th ----, 2024 WL 1122561 (2d Cir. Mar. 15, 2024), this Court dismissed a jurisdictionally defective interlocutory appeal on grounds that dictate the same result here. In *Jok,* police officer Joseph Corrow appealed the denial of his summary judgment motion asserting qualified immunity. Like Appellants here (Opening Br. 1; Reply Br. 1), Corrow purported to accept the plaintiff's factual allegations on appeal, but his arguments "continue[d] to advance his own version of events." *Jok*, 2024 WL 1122561 at *4. Because Corrow's jurisdictional statement "amount[ed] to nothing more than lip service," *id.*, this Court dismissed. *Id.* at *5 (finding Corrow's "conclusory assertion . . . —belied by his own briefing—that he agrees to undisputed facts" insufficient to establish jurisdiction).

*Jok* supports Plaintiffs' jurisdictional analysis (Answering Br. 29-40). Where, as here, "a district court denies qualified immunity based on the presence of disputed material facts," the appellant must accept "the facts that the plaintiff alleges are true" or "the facts favorable to the plaintiff that the trial judge concluded the jury might find" to invoke appellate jurisdiction. *Jok*, 2024 WL 1122561 at *2 (quotation marks omitted).

Corrow's disregard of factual disputes identified by the district court, including "the extent of knowledge" officers possessed about relevant context, therefore required dismissal. *Id.* at *3. Appellants here likewise rely on self-serving facts the district court found were subject to genuine dispute. *Compare* Reply Br. 6 (contending "it was reasonable for Jordan to believe that" cash was found "in a place the burglars would not have seen it"), *and id.* at 10 (asserting that inculpatory "comments came freely and solely from Cocchia"), *with* SA79 (finding location of cash a matter of genuine factual dispute), *and* SA47 (finding "a genuine dispute as to whether State Police Detective Ocif sought to elicit false testimony from Cocchia"). This Court's precedential decision in *Jok* thus squarely applies and compels dismissal of this appeal.

        Respectfully submitted,

        <u>/s/ David A. Lebowitz</u>
        David A. Lebowitz
        Douglas E. Lieb
        KAUFMAN LIEB LEBOWITZ
          & FRICK LLP

        *Counsel for Plaintiff-Appellee*
        *Ralph Birch*


        Craig A. Raabe
        Seth R. Klein
        IZARD, KINDALL & RAABE LLP

        W. James Cousins
        W. JAMES COUSINS, P.C.

        Paul Casteleiro
        LAW OFFICES OF PAUL CASTELEIRO

        *Counsel for Plaintiff-Appellee*
        *Shawn Henning*