23-1153
*Birch v. Town of New Milford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-four.

PRESENT:

> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

RALPH BIRCH, SHAWN HENNING,

> *Plaintiffs-Appellees*,

v.  No. 23-1153

TOWN OF NEW MILFORD, STEVEN JORDAN, ROBERT SANTORO, as Administrator of the Estate of DAVID SHORTT,

> *Defendants-Appellants*,


ANDREW OCIF, SCOTT O'MARA, JOHN MUCHERINO, JOSEPH QUARTIERO, MICHAEL GRAHAM, BRIAN ACKER, HENRY LEE,

*Defendants*,

H. PATRICK MCCAFFERTY, PAUL V. LIOON, as Administrator of the Estate of H. PATRICK MCCAFFERTY,

*Consols Defendants*.

_____

| | |
|---|---|
| **For Defendants-Appellants:** | ELLIOT B. SPECTOR, Hassett & George, P.C., Simsbury, CT. |
| **For Plaintiff-Appellee Ralph Birch:** | DAVID A. LEBOWITZ (Douglas E. Lieb, *on the brief*), Kaufman Lieb Lebowitz & Frick LLP, New York, NY. |
| **For Plaintiff-Appellee Shawn Henning:** | Seth R. Klein, Craig A. Raabe, Izard, Kindall & Raabe, LLP, West Hartford, CT; W. James Cousins, W. James Cousins, P.C., Ridgefield, CT; Paul Casteleiro, Law Offices of Paul Casteleiro, Nyack, NY, *on the brief*. |

Appeal from an order of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

The Town of New Milford and two of its former police officers[1] appeal the district court's July 21, 2023 order denying their motion for summary judgment based on qualified immunity as to claims brought by Plaintiffs Ralph Birch and Shawn Henning pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Birch and Henning were convicted of a 1985 murder following what prosecutors at the time described as a home burglary gone wrong. In 2019, after each man had spent more than thirty years in prison, the Supreme Court of Connecticut granted their habeas petitions and overturned their convictions.[2] Birch and Henning thereafter commenced these actions against the former director of the Connecticut State Forensic Laboratory, the Town of New Milford, and

---

[1] In light of Defendant David Shortt's death, Robert Santoro, the administrator of his estate, is named as a Defendant below and as an Appellant here.

[2] The Connecticut Supreme Court concluded that Birch and Henning were entitled to a new trial because the prosecution had failed to correct the false testimony of the then-director of the Connecticut State Forensic Laboratory regarding a forensic test that the director purportedly performed. *See Birch v. Comm'r of Corr.*, 334 Conn. 37, 69 (2019); *Henning v. Comm'r of Corr.*, 334 Conn. 1, 33 (2019).

various officers of the New Milford Police Department ("NMPD") and Connecticut State Police ("CSP"), whom they allege violated their constitutional and state law rights by engaging in a bad-faith investigation that led to their wrongful convictions. As relevant here, Birch and Henning assert that officer Steven Jordan failed to disclose exculpatory materials discovered at the murder crime scene, in violation of their rights under *Brady v. Maryland*, 373 U.S. 83 (1963). In particular, they contend that Jordan suppressed an envelope containing $1,000 in cash found at the scene, which, in Birch and Henning's view, undermined the prosecution's theory that the murder was part of a botched burglary and would have prompted prosecutors and defense counsel to explore alternative theories, such as whether "the real murderer was likely someone with a personal vendetta against the victim." Appellees' Br. at 28. Birch also asserts that officer David Shortt failed to intervene when a fellow officer elicited false witness statements against him, in violation of his constitutional right to a fair trial. The district court denied these Defendants' motion for summary judgment, concluding, among other things, that genuine disputes of material fact precluded their entitlement to qualified immunity as a matter of law. This interlocutory appeal followed.

We consider, at the outset, whether we have jurisdiction to hear this appeal. "[A]s the part[ies] seeking to invoke this Court's appellate jurisdiction," Defendants "bear[] the burden of establishing it." *Jok v. City of Burlington*, 96 F.4th 291, 294 (2d Cir. 2024). Generally, an order denying summary judgment is not appealable. *See* 28 U.S.C. § 1291 (limiting appellate review to "final decisions"). To be sure, the "collateral order doctrine" permits us to review the denial of qualified immunity "to the extent that it turns on an issue of law." *Coollick v. Hughes*, 699 F.3d 211, 217 (2d Cir. 2012) (internal quotation marks omitted). But we cannot entertain interlocutory appeals "from denials of qualified immunity if resolution of the immunity defense depends upon disputed factual issues." *Washington v. Napolitano*, 29 F.4th 93, 103 (2d Cir. 2022) (alteration and internal quotation marks omitted); *see also Doninger v. Niehoff*, 642 F.3d 334, 352 (2d Cir. 2011) (concluding we lack jurisdiction to review a "district court's finding that there is enough evidence in the record to create a genuine issue as to factual questions that are, in fact, material to resolution of the qualified immunity claim"). As a result, "[d]efendants wishing to obtain immediate review of a denial of qualified immunity" must do so by agreeing to stipulated facts or by "accepting,

5

for purposes of the appeal only, plaintiff's version of the disputed facts." *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020).

In denying qualified immunity for Jordan, the district court concluded that there were genuine issues of material fact regarding his knowledge of, and reasons for, withholding the envelope of cash from the prosecution and thus defense counsel. On appeal, Defendants insist that "[t]here is no evidence that Jordan knew the [envelope of cash] was exculpatory or that he intentionally suppressed evidence, or that he acted in bad faith." Appellants' Br. at 39. But as the district court recognized, issues of fact relevant to Jordan's knowledge – including, for example, when and where the envelope was discovered at the crime scene – remain disputed or undetermined at this time. Moreover, any disputes regarding Jordan's knowledge of the envelope and state of mind in handling it are for the factfinder to resolve, after making credibility determinations and considering competing inferences that might be drawn from the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Accordingly, "[t]he question of whether [Jordan] is entitled to qualified immunity" is "not a pure question of law

that can be decided on interlocutory appeal." *Brown v. Halpin*, 885 F.3d 111, 117 (2d Cir. 2018).

We also lack jurisdiction to resolve Shortt's challenge to the district court's denial of qualified immunity. As a part of the murder investigation, Shortt and CSP detective Andrew Ocif interviewed Todd Cocchia, who became friendly with Birch while they were previously incarcerated together, about statements that Birch purportedly made regarding his role in the murder. In denying qualified immunity for Shortt, the district court concluded, in effect, that a reasonable jury could find that Ocif intentionally induced Cocchia to falsely implicate Birch in the murder and that Shortt knowingly failed to stop Ocif from doing so. Defendants' arguments on appeal once again rest on the resolution of "disputed facts," and the inferences drawn therefrom, in their favor. *Jok*, 96 F.4th at 298. Defendants continue to contend that Ocif did not act improperly, so Shortt had no reason to intervene. For example, they argue that Ocif provided no substantive information about the murder to Cocchia during an unrecorded portion of the interview, and that Cocchia did not review Ocif's case file while speaking to the officers. But Birch adduced evidence – in the form of Cocchia's testimony in the

state habeas proceeding[3] – that Ocif told Cocchia at the start of the interview that Birch was guilty and that he allowed Cocchia to examine the case file before making statements. Based on this testimony, along with the recorded portions of the interview in which Ocif provided information to and corrected certain errors made by Cocchia, a reasonable jury could find that Ocif improperly coached Cocchia to make false statements inculpating Birch, and that Shortt witnessed this coaching, precluding a finding of qualified immunity as a matter of law at the summary judgment stage. *See Zahrey v. Coffey*, 221 F.3d 342, 355 (2d Cir. 2000) ("It is firmly established that a constitutional right exists not to be deprived of liberty on the basis of false evidence fabricated by a government officer." (citing *White v. Frank*, 855 F.2d 956, 961 (2d Cir. 1988))); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) ("A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers.").

---

[3] Neither party suggests on appeal that it was improper for the district court to rely on this testimony as admissible evidence for purposes of deciding the summary judgment motions. Indeed, Defendants likewise offered deposition testimony from the state habeas proceeding in support of their motions.

In sum, the resolution of Defendants' qualified immunity defenses does not turn on any pure questions of law. As a result, Defendants have "failed to satisfy [their] burden of establishing appellate jurisdiction over this interlocutory appeal." *Jok*, 96 F.4th at 298.

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court